UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RUIWEI MU,

                     Plaintiff,

          v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, and NEW
YORK ASYLUM OFFICE,

                 Defendants.

**MEMORANDUM & ORDER**
25-cv-0096 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Ruiwei Mu commenced this *pro se* action on January 3, 2025.  Plaintiff submitted an application seeking to proceed *in forma pauperis* ("IFP"), but the application was insufficient to establish her entitlement to IFP status.  Accordingly, on January 13, 2025, the Court directed Plaintiff to submit an amended IFP application containing additional information or pay the filing fee by February 3, 2025.  To date, Plaintiff has not submitted an amended IFP application or paid the filing fee.

On February 5, 2025, the copy of the Court's January 13, 2025, Order that the Court mailed to Plaintiff was returned as undeliverable by the United States Postal Service.  ECF No. 5.  The Court has confirmed that the address to which its Order was mailed is the address that Plaintiff provided on her Complaint.  ECF No. 1.  It is Plaintiff's responsibility to provide the Court with a proper address and to notify the Court of any change of address.  *See Gonzalez v. Walker*, No. 10-cv-2896, 2011 WL 534358, at *1 (E.D.N.Y. Jan. 6, 2011).  Accordingly, since Plaintiff has not filed an amended IFP form, has failed to keep the Court apprised of her current address, and the Court has no way of contacting Plaintiff, this action is dismissed without prejudice. *Burney v. Rivera,* No. 12-cv-4962, 2014 WL 2123087, at *2 (E.D.N.Y. May 21,

2014) (a *pro se* litigant's failure to provide the Court with notice of a change of address warrants dismissal without prejudice); *see also Edwards v. Stevens*, No. 11-cv-7329, 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) (holding that where "a plaintiff fails to provide the Court with [their] current address, dismissal pursuant to Fed.R.Civ.P. 41(b) without prejudice is appropriate"); *Pratt v. Behari*, No. 11-cv-6167, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (because litigation "cannot proceed without a current address for the plaintiff," courts have repeatedly held that a plaintiff's "failure to maintain such an address with the Court" is a sufficient ground to dismiss without prejudice).

The Clerk of Court is respectfully directed to enter judgment dismissing this action without prejudice and to close this case. The Clerk of Court is also respectfully directed to mail a copy of this Order to the *pro se* Plaintiff at the address provided, in the off chance that she will receive it, and to note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
   February 10, 2025

2